### R. W. & W. M. CAMPBELL v. T. C. EVERTS.

1. DEED — CONVEYANCE — CHAMPERTY — VERDICT.—E executed a written instrument to C & C, in which he declared that he did thereby "sell, transfer, convey, and assign," to C & C, a tract of land (describing it) for one hundred dollars then paid, and in which it was recited, that C & C had bound themselves to pay the further sum of eight hundred dollars, provided C & C should "gain said land" from parties in possession, to be paid on the day they should gain it, by suit or compromise; it further stipulated that the deferred payment should constitute a lien on the land, the one hundred dollars

Syllabus.

paid to be lost if C & C failed to gain the land, and the instrument to be "null and void" if they failed to gain it. The instrument concluded with a warranty of title from E to C & C. On the question as to whether the instrument was admissible in evidence as a deed in trespass to try title: *Held*—

1. The instrument was not liable to the objection that it failed to vest in C & C such legal or equitable title as E could convey; whether technically a deed or not, the evident purpose from the instrument was to convey E's interest in the land unconditionally.

2. It cannot be maintained, without running counter to the former decisions of this court, that it was champertous.

3. Although at common law no interest could be conveyed by deed unless the grantor was in actual or constructive possession, still it is an admitted principle in this State, that the adverse possession of land in no way hinders or precludes its sale and conveyance by the owner, though he may have been ousted from the possession.

4. The fact that parties to a conveyance agree to substitute in place of a general warranty of title, a special covenant for a deduction of the amount to be paid for the land by the vendee in case he should be unable to get possession of it, either by compromise or suit, will not avoid the title, or show of itself that the contract is void for champerty.

2. VERDICT—JUDGMENT.—In trespass to try title, the defendant pleaded in reconvention, and asked for an affirmative judgment on his own title, and to remove cloud; the court instructed the jury that if they should find in favor of defendant on his plea in reconvention, their verdict, in substance, should be, "We, the jury, find for the defendant the land in controversy, on the plea in reconvention;" but if they failed to find for defendant on that plea, the plaintiff having abandoned his suit, they would say, "We, the jury, find for the defendant,"—the jury returned the following verdict: "We, the jury, find for the defendant, against the plaintiffs." On this verdict a judgment was rendered, that the title to the land was vested in defendant, and removing cloud caused by plaintiff's claim: *Held*—

1. Though the verdict was not in the phraseology prescribed by the court, it must be regarded as a general verdict for the defendant, and not as responsive to the issue on the plea in reconvention.

2. That in view of the charge of the court, the verdict did not warrant the judgment; though it would have been sufficient to authorize it, had the special instructions, as to form in which it should be returned, not been given.

APPEAL from Fannin.  Tried below before the Hon. W. H. Andrews.

No briefs appear on file in the Supreme Court by counsel for either party.

This suit was brought by R. W. & W. M. Campbell, in trespass to try title, against T. C. Everts, to recover land described in an instrument executed by Everts to the Campbells.  That instrument, claimed by the Campbells to be a deed conveying to them the land, is as follows:

"STATE OF TEXAS,

*County of Fannin.*

"Know all men by these presents, that I, William Kinsey, of the county of Corryelle, State of Texas, have this day, and do by these presents, for the consideration hereinafter expressed, sell, transfer, convey, and assign and set over to Robert W. and William M. Campbell, both of the county of Fannin, State of Texas, the following described tract or parcel of land, situated in the county of Fannin: [here follows its description.]  The consideration for which said deed is made, is one hundred dollars cash in hand paid, the receipt of which is hereby acknowledged, and eight hundred and ninety dollars in currency, to be paid if said Robert W. Campbell and William M. Campbell gain said land from certain parties now claiming said land, and as soon as they do gain it.  And it is understood that if said Robert W. and W. M. Campbell do not gain said land, that they are to lose the one hundred dollars already paid, as above stated, and said William Kinsey is to lose the eight hundred and ninety dollars due, as aforesaid.  Said Robert W. and William M. Campbell have executed and delivered their certain written obligation, whereby they promise that upon the day they gain said land by amicable adjustment or by suit, from all the parties now claiming the same, they will pay said Kinsey said sum of eight hundred and ninety dollars, currency, and they agree that said vendor shall retain a vendors' lien upon said land until said sum is paid, it being understood and

agreed that if said Robert W. and W. M. Campbell do not gain said land from the parties now claiming the same adversely to said Kinsey, that this deed and said written obligation shall be null and void, subject to the conditions above set forth, the said Kinsey binds himself, his heirs, and executors, to warrant and forever defend the title to the said land to said Robert W. Campbell and the said William M. Campbell, their heirs and assigns forever, against the claim or claims of all persons whomsoever claiming the same or any part thereof.

"In testimony, &c.

(Signed)                              his
                         "WILLIAM X KINSEY.
"Attest: ANDREW J. DORN,               mark.
       "W. B. COX."

The reading of this deed in evidence was objected to, on the following, among other grounds, viz:

1. "Said instrument is not a deed.

2. "Said instrument does not vest the title, legal or equitable, in plaintiff.

3. "Said instrument shows upon its face that the fee to said land remains in the said William Kinsey, who is not a party to this suit.     *     *     *

6. "Said instrument shows on its face that it is champertous."

The objections were sustained, and appellant excepted. A feature with regard to the judgment in connection with the charge of the court and verdict, will be found stated in the syllabus.

MOORE, ASSOCIATE JUSTICE.—Quite a number of objections were made by the appellee to the introduction of the deed, or contract for the sale of the land in controversy, from William Kinsey, upon which appellants, who were plaintiffs in the court below, relied to maintain their action. We are of opinion, however, that none of these objections were of a

character to authorize the ruling of the court, excluding said deed or contract from going before the jury in evidence. It is wholly immaterial whether or not this instrument can be properly designated as a deed, though we see no valid reason why it may not. Evidently, it seems to have been understood, and intended by the parties to it, to convey to and vest in the vendees (the appellants) whatever right, title, or interest Kinsey, the vendor, had to the land. Unquestionably, there are stipulations and covenants embraced in the instruments which are not usually found in deeds of conveyance; but unless they are of such a character as to render the instrument ineffectual to pass the title to the land, or unless it can be plainly seen, when we look to the entire instrument, that it does not convey or vest in the vendees the legal or equitable title or interest which the vendor held, evidently the defendant had no cause to complain, or valid ground of objection to its going in evidence to the jury.

. It certainly cannot be maintained, without running counter to the former decisions of this court, that the deed is, upon its face, void for champerty. (Carder *v.* McDermett, 12 Tex., 550; McMullen *v.* Guest, 6 Tex., 276.) There is no stipulation by either of the parties to the conveyance, to pay attorneys' fees or costs and expenses for prosecuting a suit by or in the name of the other, in consideration of a part of or interest in the subject-matter of litigation. Although it is beyond question that, at common law, no interest in land could be conveyed by deed, unless the grantor was in actual or constructive possession, still it is an admitted principle in this State, that the adverse possession of land in no way hinders or precludes its sale and conveyance by the owner, though he may have been ousted from its possession. The purpose of this deed, so far as we can judge from its contents, was to convey all the title or right of the grantor, Kinsey, absolutely and unconditionally to the vendees. Both the vendor and vendees were unquestionably aware, when the deed was executed, that the land was in possession of an

adverse claimant; but if a suit had to be brought for its recovery, the purchasers were to bring and prosecute it in their own names and at their own expense. It cannot be said, because the parties have agreed to substitute, in place of a general warranty of title, a special covenant for a deduction of the amount to be paid for the land by the vendees, in case they should be unable to get possession of it, either by compromise or suit, that this will avoid the deed, or of itself show that the contract between them was void for champerty.

The ruling of the court upon the deed was evidently fatal to the plaintiffs' action. Appellee, however, was not content with the mere defeat of a recovery by them, but, by plea in reconvention, asked for an affirmative judgment against the plaintiffs on his own title, and to remove the cloud cast upon it by the claim which they had asserted; and on the verdict returned by the jury, the court gave judgment in his favor, as prayed for in this plea. The verdict, however, in view of the special direction given by the court as to the fact to be proved, and the alternative form in which it should be returned, does not justify the judgment.

The court instructed the jury, if they should find in favor of the defendant, on his plea in reconvention, their verdict, in substance, should be, "We, the jury, find for the defendant the land in controversy against the plaintiffs, on the plea in reconvention." But if they failed to find in favor of defendant, on this plea, "plaintiffs having abandoned their suit," says the court, "the jury would simply say by their verdict, 'We, the jury, find for the defendant.'" In response to the issue thus clearly and specifically submitted to them, the jury returned the following verdict, viz: "We, the jury, find for the defendant against the plaintiffs."

Though the verdict is not in the precise language in which the jury were told by the court they should return it, if they did not find for the defendant upon his plea of reconvention, it is certainly nothing more in substance. If the plaintiffs

had abandoned their suit, as the court in its charge says they had, and as we suppose they must have done after their title had been ruled out by the court, the only issue before the jury was in reference to the title set up by the defendant. And had not the jury been directed, if their finding on this issue should be in favor of the defendant, to return their verdict in a particular form, the verdict as returned would seem to be sufficient to warrant the judgment rendered upon it.    But if, as we must presume, the jury intended to conform their action to the instructions given them by the court, the inference to be drawn from the verdict, as rendered, is, that their finding in favor of the defendant was not for the land upon his plea of reconvention, but simply against the plaintiffs, because they had failed to maintain their action.    We may also add that the evidence before the jury does not appear to warrant a verdict for the defendant on this plea, at least, for the entire survey of three hundred and twenty acres of land for which he had judgment.    The deed purporting to have been executed by the patentee, Thomas Kinsey, junior, though referred to by several of the witnesses, was not in evidence; while that from Henderson, upon which reliance alone seems to have been placed on the trial, was only for two hundred and forty-three acres of the survey.

There are several questions of interest to which appellees' pleas of limitation gave rise, which will probably have to be considered upon another trial of the case, which we might have felt authorized to pass upon at this time, if we had had the benefit of a discussion of them by counsel.    But as the briefs upon which the case was originally submitted to our predecessors have not come into our hands, we deem it improper at present to make any comment upon them.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.